## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LORI S. GINSBURG, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:15-cv-011182 |
| ASSET MANAGEMENT SERVICES GROUP, LLC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT
## TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, LORI S. GINSBURG ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of ASSET MANAGEMENT GROUP, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendant's unlawful collection activity.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4.   Plaintiff is a 47 year old natural person residing at 1460 Arbor Vitae Road, Deerfield, Illinois, which lies in the Northern District of Illinois.

5.   Due to health issues, Plaintiff is unable to work and is in the process of applying for disability income through the Social Security Administration.

6.   Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7.   Defendant is "a leader in the accounts receivable industry"[1] with a headquarters located at 6245 Powerline Road, Suite 102, Fort Lauderdale, Florida.

8.   Defendant is licensed with the Illinois Secretary of State under control number 05221528.

9.   Defendant is in the business of collecting delinquent consumer debts of others in the State of Illinois, including a debt allegedly owed by Plaintiff.

10.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**FACTS SUPPORTING CAUSES OF ACTION**

11.  Several years ago, Plaintiff obtained a consumer credit card, account number 6011381015405747 ("subject consumer debt") issued through HSBC.

12.  Plaintiff used the HSBC credit card for purchases related to household goods and services.

---

[1] http://www.amsgusa.com/

13.   After incurring the subject consumer debt, Plaintiff defaulted on her obligations to HSBC by failing to make timely payments.

14.   Upon information and belief, HSBC sold the collection rights on the subject consumer debt to National Credit Adjusters, LLC ("National") who began collection activity against Plaintiff.

15.   National purchased the subject consumer debt after Plaintiff had defaulted.

16.   On October 17, 2011, National caused to be filed a small claims action against Plaintiff under case number 11 SC 6364 in the Circuit Court of Lake County.  *See* attached Exhibit A is a true and correct copy of the docket in the small claims action.

17.   National was represented by attorneys from Blitt & Gains, P.C. ("Blitt") in the small claims action.

18.   The small claims action alleged that Plaintiff owed National $1,094.39 plus court costs stemming from the subject consumer debt.  *See* attached Exhibit B is a true and correct copy of the Summons and Complaint filed in the small claims action.

19.   National, through sworn affidavits, asserted that it was the purchaser and rightful owner of the subject consumer debt.

20.   Wanting to resolve the small claims action, Plaintiff engaged the services of attorney Martin B. Schorsch ("Schorsch").

21.   Schorsch and Blitt were able to reach a settlement on the subject consumer debt.

22.   On November 17, 2011, Schorsch tendered money order 080567 in the amount of $600.00 to Blitt as *full settlement* (emphasis added) of the subject consumer debt and associated small claims action.  *See* attached Exhibit C is a true and correct copy of a settlement letter sent to Blitt by Schorsch.

23. In exchange for the funds from Plaintiff as full payment on the subject consumer debt, National dismissed the small claims action. *See* Exhibit A.

24. Plaintiff believed that all matters were settled regarding the subject consumer debt.

25. On or around December 3, 2015 Plaintiff began receiving calls from phone number (717) 798-3125 to her home telephone number. *See* attached Exhibit D is a true and correct copy of photos from Plaintiff's home telephone.

26. Upon information and belief, the above is a phone number utilized by Defendant.

27. Defendant contacted Plaintiff for the purposes of collecting on the subject consumer debt. During at least one call, Defendant informed Plaintiff that the debt it was seeking payment on was an HSBC credit card under account number 6011381015405747.

28. Defendant sought payment in the amount of $1,076.40 from Plaintiff and informed her that the subject consumer debt was placed with its office on October 16, 2015.

29. Defendant never identified itself as a debt collector to Plaintiff or disclosed to her that any information obtained will be used for the purposes of collecting a debt.

30. Frustrated and confused over collection activity on a debt she had fully satisfied, Plaintiff spoke with CLP regarding her rights.

31. On December 9, 2015, CLP and Plaintiff contacted National regarding the subject consumer debt. National provided Plaintiff with verification that the subject consumer debt had indeed been paid. *See* attached Exhibit E is a true and correct copy of an email from National.

32. Plaintiff has expended time and energy consulting with her attorneys as a result of Defendant's collection actions.

33. Plaintiff has suffered financial loss directly related to Defendant's collection actions.

34. Plaintiff has been harmed and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35.   Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36.   The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of the character, amount, or legal status of any debt."  15 U.S.C. §§1692e(2)

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."
> 15 U.S.C. §§1692f(1)

37.   Defendant violated 15 U.S.C. §§1692d, e, e(2), f, and f(1) through its debt collection actions when it attempted to collect on Plaintiff for a debt that was no longer owed.  Plaintiff bargained for and satisfied the subject consumer debt with National through payment of $600.00 on November 17, 2011.  In verified court filings, National asserted that it was the proper owner of the subject consumer debt.  Despite showing good-faith by settling the subject consumer debt with National, Plaintiff has been subjected to unlawful and harassing collection activity at the hands of Defendant.

38.   Defendant falsely stated to Plaintiff that it was the appropriate party to collect payment on the subject consumer debt.  By telling Plaintiff that the subject consumer debt was still due and owing, Defendant attempted to mislead her into paying a debt she had already satisfied years earlier.  As an experienced and sophisticated debt collector, Plaintiff is under an affirmative

obligation to verify the accounts that are placed with it.   Even the most cursory investigation would have conveyed to Defendant that the subject consumer debt has been satisfied.

39.   The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)

40.   Defendant violated 15 U.S.C. §1692e(11) through its debt collection actions when it failed to advise Plaintiff of the above mandatory disclosures as required by the FDCPA. Defendant is obligated to inform Plaintiff that it is a debt collector that is attempting to collect on a debt.  Further, Defendant must disclose that any information it gains will be used for the purpose of debt collection.

41.   As a sophisticated and experienced debt collector, Defendant knows that it is required to make the above disclosures to Plaintiff.  Due to the absence of these disclosures, Defendant's contacts were misleading and sought to gain an unfair advantage over Plaintiff.  Plaintiff was justifiably confused over the relationship between Defendant and the subject consumer debt as she had already paid it years earlier.

42.   Using the above described tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against.

43.   As plead in paragraphs 32 through 34, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, LORI S. GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

44.  Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45.  Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject consumer debt.

46.  The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

47.  Plaintiff is a "consumer" as defined by the ICFA, 815 ILCS 505/1(e).

48.    Defendant's attempts to collect on the subject consumer debt are "part of the conduct of any trade or commerce" as defined by the ICFA, 815 ILCS 505/1(f).

49.    Defendant's demands for payment on debt which had already been satisfied years earlier represents the use of deception, fraud, and false pretense in an attempt to collect a debt.

50.    Defendant intended that Plaintiff rely on its misrepresentations in order to procure payment of the subject consumer debt.

51.    The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52.    The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

53.    As pled in paragraphs 32 through 34, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

54.    As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, LORI S. GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.    Awarding Plaintiff costs and reasonable attorney fees;

d.    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 11, 2015                    Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq., #630210
David S. Klain, Esq., #66305
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)